UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60002-CR-MARRA

UNITED STATES OF AMERICA

vs.

PALLET CONSULTANTS CORP.,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("Office") and **PALLET CONSULTANTS CORP.** (hereinafter referred to as the defendant or the Corporation) enter into the following agreement:

1. The defendant agrees to plead guilty to the one count of the Information, which charges the defendant with theft or misappropriation of property used by Postal Service, in violation of Title 18, United States Code, Section 1707.

2. The defendant agrees that the statutory maximum amount of the fine to be imposed for the charged offense is $500,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss attributable to the relevant conduct, whichever is greater. In addition, the defendant understands that the Court may order restitution to any identifiable victims of the crime, and must order the defendant to pay a $100.00 mandatory special assessment, which assessment the defendant agrees to pay on the day of sentencing.

3. The defendant will provide to the United States and the Court written evidence in the form of a notarized legal document certifying that the defendant is authorized to plead guilty to the

criminal charge as set forth in the Information, and to enter into and comply with all provisions of this Agreement. The notarized document shall further certify that a representative authorized by President of Pallet Consultants Corp. is authorized to take these actions and that all corporate formalities required by law applicable in such instance, including, but not limited to, approval by the defendant's directors, have been observed. The defendant agrees that its authorized representative shall appear on behalf of the defendant to enter the guilty plea in the Southern District of Florida and shall also appear for imposition of sentence.

4. This Office and the defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed on the count to which the defendant shall plead:

 a. Applicable Guideline Offense and Base Offense Level: Pursuant to Section 2B1.1 of the Sentencing Guidelines, the offense guideline applicable to the defendant's offense is Section 2B1.1(a)(2) of the Sentencing Guidelines, which provides for a base offense level of six (6) because the defendant will plead guilty to theft or misappropriation of property used by Postal Service, which carries a maximum term of imprisonment of less than twenty (20) years.

 b. Specific Offense Characteristics: The parties agree and stipulate that the following offense characteristic apply under Section 2B1.1(b):

 (i) <u>Loss</u> - the amount of loss suffered by the United States Postal Service is more than $30,000 and less than $70,000; and

 c. The parties agree and stipulate that the following offense characteristics do

not apply to the defendants:

(i) the actions and conduct by Pallet Consultants Corporation and Mr. Gutierrez were not perpetrated in a sophisticated manner. The purchase and reselling of USPS pallets was conducted in the normal course of their business and no actions were taken to disguise the fact that these were USPS pallets, nor were any cover-ups conducted so as to disguise the origin, nature, or the existence of these plastic pallets.

(ii) that neither Mr. Gutierrez nor Pallet Consultants Corporation were "in the business of receiving and selling property" so as to implicate the aggravating features contained within Section 2B1.1(b)(4) of the Sentencing Guidelines. The factual basis for this stipulation is the amount of USPS pallets which Pallet Consultants bought and sold in the course of their business vis a vis the quantity of non-USPS pallets Pallet Consultants bought and sold in the normal course of its business.

(iii) The parties stipulate and agree The Corporation did not operate primarily for criminal purposes or primarily by criminal means. (USSG §8A1.2)

d.  Restitution: The parties agree and stipulate that the defendant is jointly and severally liable with Gustavo Gutierrez to pay restitution in the amount of $ $419,206, and that such amount will be paid to the United States Postal Service.

e.  Sentence: The Corporation understand and agrees that the maximum

3

sentence that the court may impose is five years probation; and pursuant to USSG § 8C2.4, a fine of the greatest of the pecuniary gain to the corporation from the offense; the pecuniary loss caused by the by the organization; or $40,000. The parties also agree that because Gustavo Gutierrez and Pallet Consultants have agreed to pay restitution for both the unrecovered pallets and the costs incurred by the USPS in its investigation of this matter, that the government will recommend to the Court that a fine not be imposed.

5. Factual Basis: The Defendant is pleading guilty because it is in fact guilty and admits that the facts set forth as an attachment to this plea agreement ("Factual Basis for Plea") are true and were this case to go to trial, the United States would be able to prove those specific facts, and others, beyond a reasonable doubt.

6. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified in paragraph one (1) above or otherwise fails to fully comply with any of the terms of this plea agreement, this Office will be released from its obligations under this agreement, and the defendant agrees and understands that: (a) it thereby waives any protection afforded by the proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by anybody acting on its behalf as part of plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against it without any limitation in any civil or criminal proceeding brought by the government; (b) the defendant's waiver of any defense based on the statute of limitations or any other defense based on the passage of time in filing an indictment or information, referred to herein,

shall remain in full force and effect; and (c) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or his representatives to any state or federal agency and/or this Office.

7. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that it has discussed the appeal waiver set forth in this agreement with its attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of its right to appeal the sentence to be imposed in this case was knowing and voluntary.

8. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 3/19/09

By: _____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

O. BENTON CURTIS III
ASSISTANT UNITED STATES ATTORNEY

Date: 1-15-09

By: _____
PETER RABEN
ATTORNEY FOR PALLET CONSULTANTS CORP.

Date: 1-15-09

By: _____
BRIAN GROENE AS THE AUTHORIZED
REPRESENTATIVE FOR PALLET
CONSULTANTS CORPORATION

Factual Basis for Plea

Section 1707 to Title 18 of the United States Code makes it unlawful to steal, purloin, or embezzle any property used by the United States Postal Service (hereinafter "USPS"), or for any person to appropriate any such property to their own use or any other than its proper use, or convey away such property to the hindrance or detriment to the public service.

In the course of its operations, the USPS provided specially made plastic pallets to private shipping companies, contracted by USPS to deliver goods, mail, and printed product in bulk amounts. The USPS would offer these pallets to private companies as the use of these pallets facilitated the transportation process for bulk shippers and relieved the USPS of the burden of sorting bulk shipment mail. The USPS contracted with manufacturers to fabricate these plastic pallets and the pallets are a distinctive orange and black color, stamped with the USPS contract and mold number and are clearly labeled "US POSTAL SERVICE" on the four sides of the pallet. The USPS has never sold or authorized the manufacturer to sell USPS plastic pallets to any private industry; nor did it permit its third-party contractors to sell or distribute these pallets.

In 2005, at the Miami International Airport, Postal Inspectors observed private freight couriers and cargo airlines using USPS plastic pallets to ship their products overseas. An investigation by Postal Inspectors led them to a warehouse in Miami, Florida where Postal Inspectors found USPS plastic pallets being utilized by a non-USPS contracted private company. Further investigation revealed that this company had purchased the plastic pallets from Pallet Consultants Corporation.

Pallet Consultants was incorporated in the State of Florida and its company president is Gustavo Gutierrez. Pallet Consultants buys, sells and distributes new and used wooden and plastic pallets for the shipment of cargo, and as part of its business, manufactures and delivers pallets to its customers. Pallet Consultants Corporation has facilities in Pompano Beach, Haines City, and Jacksonville, Florida and in Atlanta, Georgia. The company has approximately 200 employees and is in the business of acquiring for its own use, or for resale to its customers, both wooden and plastic pallets.

Pallet Consultants would acquire USPS pallets in the course of their legitimate business activity. First, Pallet Consultants Corporation acquires thousands pallets at a time, within which USPS plastic pallets were often intermingled. These USPS pallets were not separated by Pallet Consultants from the non-postal pallets, and were resold by Pallet Consultants. Second, small businesses would acquire these pallets on the open market, would sell them to Pallet Consultants,

and Pallet Consultants in turn would sell these pallets to its legitimate customers. The acquisition and sale of these USPS pallets was in violation of Section 1707 to Title 18 of the United States Code.

Based upon their investigation, Postal Inspectors executed search warrants in October of 2006. In the course of their search, Postal Inspectors found that Pallet Consultants had in their possession a small quantity of USPS plastic pallets. Additional records seized in the course of that search revealed that Pallet Consultants had purchased and sold a larger number of USPS plastic pallets.

Pallet Consultants cooperated with the Government investigation following the search warrant. The records from Pallet Consultants and the investigation by the Postal Inspectors revealed that Pallet Consultants misappropriated and resold over 21,000 USPS pallets from 2004-2006. Pallet Consultants cooperated with the Postal Service and returned thousands of Postal Service Pallets. The parties agree to a fair market value which resulted in a net loss to the Postal Service of more than $30,000 but less than $70,000.

The USPS's investigation spanned several years and involved a coordinated effort by Postal Inspectors in multiple districts. The cost of that investigation was extraordinary and involved the considerable expenditure of man-hours and financial resources. The combined sum of loss and the estimated cost of the investigation is $419,206, and both Pallets Consultants and Gustavo Gutierrez have agreed to be jointly and severally responsible for that amount.

The United States has charged the corporation, Pallet Consultants Corporation as being directly responsible for violation of Section 1707. Furthermore, based upon records seized in the investigation of this case, and other information developed in this case, it was determined that the president of the corporation, Gustavo Gutierrez, was aware of the actions of the corporation as it pertains to the misappropriation of the USPS pallets and is personally and individually responsible for the criminal acts perpetrated by the corporation.

Date: 3/17/09     By: _____
                  O. Benton Curtis III
                  Assistant United States Attorney

Date: 3-19-09    By: _____
                  Peter Raben
                  Attorney for Pallet Consultants Corp.

Date: 3/19/09    By: _____
                  Brian Groene as the Authorized Representative
                  For Pallet Consultants Corporation